IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHANNON KEITH MOFFITT,         )
                               )
            Petitioner,        )
                               )
      v.                       )    1:09CV101
                               )
FREDERICK HUBBARD,             )
                               )
            Respondent.        )

## ORDER, MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina who is represented by counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The basic facts and history of his case, as set out by the North Carolina Court of Appeals, are as follows:

> On 22 June 2004, Defendant Shannon Keith Moffitt was found guilty of conspiracy to commit robbery with a dangerous weapon, two counts of robbery with a dangerous weapon, two counts of first-degree kidnapping, and felonious breaking and/or entering. The trial court, Judge Henry E. Frye, Jr., entered judgment and sentenced Defendant to a presumptive range sentence of thirty-four to fifty months' imprisonment for the conspiracy conviction. Judge Frye consolidated the other charges for judgment and found as an aggravating factor that Defendant "induced others to participate in the commission of the offense; occupied position of leadership or dominance of the other participants in the commission of the offense." The trial judge then imposed a consecutive, aggravated range sentence of one hundred forty-five to one hundred eighty-three months' imprisonment for those consolidated charges of two counts of first-degree kidnapping, two counts of robbery with a dangerous weapon, and felony breaking and/or entering.
>
> On Defendant's appeal from that conviction and sentence, this Court found no error in his convictions but remanded for resentencing "based on erroneous imposition of the aggravated sentence" because the trial court, and not the jury, found the aggravating factor used to increase his sentence. State v. Moffitt, 177 N.C. App. 149, 627 S.E.2d 685 (unpublished, No. COA05-545, 4

> April 2006). On 5 June 2006, Defendant was resentenced by
> Judge Frye, who imposed a mitigated range sentence of
> seventy to ninety-three months' imprisonment on the two
> first-degree kidnapping charges and another, consecutive
> mitigated range sentence of sixty-one to eighty-three
> months' imprisonment for the consolidated charges of two
> counts of robbery with a dangerous weapon, conspiracy to
> commit robbery with a dangerous weapon, and felony
> breaking and/or entering.

State v. Moffitt, 185 N.C. App. 308, 648 S.E.2d 272, rev. denied, 361 N.C. 700, 654 S.E.2d 707 (2007).

Following the denial of the direct appeal of his resentencing, Petitioner filed his present petition in this Court. Respondent has made a motion for summary judgment (docket no. 5) seeking to have the petition denied. Also, Petitioner has filed motions for oral argument (docket no. 9), for leave to proceed in forma pauperis (docket no. 10), and for appointment of counsel (docket no. 11). Because the issues raised in this case are purely legal issues which can be decided at summary judgment without oral argument, the motion for oral argument will be denied. As for the motion for appointment of counsel and the associated application to proceed in forma pauperis, those will also be denied. Counsel already entered an appearance in the case and has litigated it to this point. It is not clear why counsel would now be appointed, particularly given that no oral argument is necessary. Only the summary judgment motion remains for discussion.

### **Claims in the Petition**

Petitioner raises three claims for relief. The first of these alleges that Petitioner's due process rights were violated because his sentence on the conspiracy charge was higher on remand than the

original sentence. The second argues that the imposition of consecutive sentences for the kidnapping and robbery charges violates Petitioner's right to be free from double jeopardy because those offenses constituted the "same offense." The third claim asserts that the re-sentencing judge's failure to recuse himself at the resentencing violated Petitioner's due process rights.

## Standards of Review

Petitioner raised all three of his claims on direct appeal, where they were adjudicated on their merits by the North Carolina Court of Appeals. Therefore, the Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to Petitioner's claims. That statute states that habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of

the particular state prisoner's case." Id. at 407. "Unreasonable" is not the same as "incorrect" or "erroneous" and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-411. As for questions of fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Discussion

### Claim One

Petitioner's first claim for relief argues that his due process rights were violated when he received a harsher sentence on remand than he received at his original sentencing. Petitioner identifies the relevant United States Supreme Court precedent as being North Carolina v. Pearce, 395 U.S. 711 (1969), partially overruled, Alabama v. Smith, 490 U.S. 794 (1989). Pearce prevents the vindictive imposition of a higher sentence after a successful appeal. It is based on the idea that a defendant should not be punished for successfully exercising his right to appeal. Id. at 725. A higher sentence following appeal can only be given where the sentencing judge affirmatively states the reasons in the record and the increase is based on the conduct of the defendant following the original sentencing. Id. at 726.

There is a basic problem with Petitioner's argument that he received a longer sentence on remand. He was originally given 34 to 50 months of imprisonment for the conspiracy conviction and 145 to 183 months for the other convictions for a total of 179 to 233

-4-

months. On remand, he received 61 to 83 months of imprisonment for the kidnapping convictions and 70 to 93 months for the robbery, conspiracy, and breaking and entering convictions for a total of 131 to 176 months. Therefore, his overall sentence was reduced by 48 to 57 months. Looking at the total sentence, Petitioner did not receive a higher sentence on remand and there is no problem under Pearce.

Seeking to avoid this outcome, Petitioner proposes an alternative view of the matter. As Petitioner notes, the first North Carolina Court of Appeals' decision only vacated the consolidated sentence for kidnapping, robbery, and breaking and entering. It left the conspiracy sentence of 34 to 50 months untouched. State v. Moffitt, No. COA05-545 at *3, 177 N.C. App. 149, 627 S.E.2d 685 (April 4, 2006)(unpublished). Petitioner argues that by unconsolidating all of the convictions, lumping the robbery and breaking and entering convictions with the conspiracy conviction, and giving a sentence of 70 to 93 months for that set of consolidated convictions, the sentencing judge increased Petitioner's sentence for the conspiracy judgment, thereby violating the rule in Pearce.

Although somewhat appealing on its face, Petitioner's argument fails. The sentencing judge did not simply increase Petitioner's sentence for the conspiracy conviction. After the reconsolidation, the conspiracy conviction was combined with the robbery and breaking and entering convictions and the sentence was determined

-5-

based on the robbery convictions.[1]  In essence, the initial sentenced for the conspiracy conviction was erased and Petitioner was sentence based on the kidnapping and robbery convictions which were combined during the first sentencing, but separated at the resentencing.  The new sentence was not determined using the conspiracy conviction and the sum of the sentences for the robbery and kidnapping charges was not greater than Petitioner's original total sentence.  In fact, it is even less than the 145 to 183 months Petitioner initially received just based on the convictions other than the conspiracy conviction.

 No matter how Petitioner chooses to view matters, he received a considerable break at the resentencing.  He was originally sentenced at the high end of the presumptive range for the conspiracy conviction (Class E felony, Prior Record Level III) and the high end of the aggravated range for the other convictions (Class C felony, Prior Record Level III).  On remand, he was sentenced to the low end of the mitigated range for the kidnapping convictions (Class D felony, Prior Record Level III) and the low end of the mitigated range for the robbery charges (Class C felony, Prior Record Level III).  (Docket No. 6, Ex. 5); N.C. Gen. Stat. § 15A-1340.17.  This does not show the vindictiveness alleged by Petitioner and forbidden by Pearce.  In fact, had the sentencing

---

[1]Petitioner complains that the judge was not free to do away with the conspiracy sentence and reconsolidate that charge with other charges because the remand opinion from the North Carolina Court of Appeals left the conspiracy sentence intact.  This is a question of state procedure.  Apparently, the North Carolina Court of Appeals determined that the trial judge did not violate state law, given that it upheld the reconsolidated sentences.

-6-

judge wished to act vindictively he could have, quite in keeping with the mandate of the remand opinion, let the original conspiracy sentence stand and sentenced Petitioner at the top of the presumptive range for the other consolidated offenses (Class C felony, Prior Record Level III).  This would have resulted in sentences of 34 to 50 months for the conspiracy conviction and 116 to 149 months for the other convictions.  N.C. Gen. Stat. § 15A-1340.17.  The total of 150 to 199 months would have been 19 to 23 months higher than the total sentence Petitioner received after the reconsolidation.  In no way was the North Carolina Court of Appeals' denial of Petitioner's claim in his second appeal contrary to, or an unreasonable application of, <u>Pearce's</u> prohibition on vindictiveness at resentencing.  His first claim for relief should be denied.

**Claim Two**

Petitioner's second claim for relief asserts that the consecutive sentences he received for robbery and kidnapping violate his right to be free from double jeopardy.  He bases this contention on the proposition that "only one penalty can be imposed for individual acts that constitute a continuous offense." (Docket No. 2 at 13.)  Petitioner supports the proposition primarily with the case of <u>Brown v. Ohio</u>, 432 U.S. 161 (1977), which holds, as he correctly notes, that "[w]here separate punishments are imposed for single prohibited acts that constitute a continuous offense under the law, judgment shall be arrested on the lesser-included offense." (Docket No. 2 at 13.)  He then argues that the robbery

-7-

and kidnapping convictions were all part of a single home invasion that constituted a continuous offense. Petitioner concludes that the separate robbery and kidnapping sentences, therefore, violated the rule in <u>Brown</u> and the Double Jeopardy Clause of the United States Constitution.

Petitioner's argument fails in short order due to a serious flaw in logic. Petitioner concentrates on the question of whether or not the robbery and kidnapping were all part of the same continuous offense. There does not appear to be a real question that they were. However, Petitioner ignores the precise rule in <u>Brown</u>. As Petitioner states in the quote cited above, if separate charges are part of a continuous offense, <u>Brown</u> requires arresting judgment "on the lesser-included offense." Inherent in the application of that rule is a determination that one offense is a lesser-included offense of the other. However, <u>Brown</u> does not use the "continuous offense" test to make that determination. It instead employs the familiar test found in <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).

"'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not . . . .'" <u>Brown</u>, 432 U.S. at 166 (quoting <u>Blockburger</u>, 284 U.S. at 304). <u>Brown</u> goes on to state that "[t]his test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not,

the <u>Blockburger</u> test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . .'" <u>Id.</u> (quoting <u>Iannelli v. United States</u>, 420 U.S. 770, 785 n.17 (1975)). The state courts have final authority in determining whether or not two crimes have the same elements under state law. <u>Id.</u> at 167.

Here, the North Carolina Court of Appeals addressed the question of whether or not kidnapping and robbery are the "same offense" because robbery is a lesser-included offense of kidnapping. Citing prior North Carolina Supreme Court precedent on this point, the Court of Appeals held that they were not. <u>Moffitt</u>, 183 N.C. App at 313-14, 648 S.E.2d at 275 (citing <u>State v. Williams</u>, 295 N.C. 655, 659-60, 249 S.E.2d 709, 713-14 (1978)). Because robbery is not a lesser-included offense of kidnapping under North Carolina law, <u>Brown</u> does not require arresting judgment on the robbery convictions even if the robberies and kidnappings were part of a continuous offense. The North Carolina Court of Appeals' decision was entirely in keeping with the rule in <u>Brown</u>. It was not contrary to, or an unreasonable application of, that decision. Petitioner's second claim for relief should be denied.

**Claim Three**

Petitioner's final claim is that his rights were violated when the judge at resentencing refused to recuse himself from the resentencing. While Petitioner's first direct appeal was pending, Petitioner also filed a motion for appropriate relief in the trial court. It included, among other allegations, a claim that the trial judge had not correctly advised Petitioner about the possible

punishments.  The motion was still pending at resentencing. Petitioner's attorney requested that the judge recuse himself from both the motion for appropriate relief and the resentencing.  The judge recused himself from deciding the motion for appropriate relief because it contained an allegation that he committed error. However, he refused to recuse himself from the resentencing.

Petitioner sets out the controlling Supreme Court precedent to be Withrow v. Larkin, 421 U.S. 35 (1975).  That case notes the general rule that parties are entitled to an unbiased decisionmaker.  It adds that "the probability of actual bias" has been found to be too high where the decisionmaker "has been the target of personal abuse or criticism from the party before him." Id. at 47.

Here, Petitioner's criticism of the resentencing judge in his motion for appropriate relief was not "personal abuse or criticism."  Instead, it merely raised a legal issue, albeit one concerning a prior action of the judge.  However, as the Fourth Circuit has noted, "[t]he Supreme Court has been "'unwilling to bottom a constitutional rule'" on "'criticism of [a court's] rulings during the course of a trial.'" Nakell v. Attorney General of North Carolina, 15 F.3d 319 (4th Cir. 1994)(quoting Ungar v. Sarafite, 376 U.S. 575, 584 (1964)).  Likewise, the North Carolina Court of Appeals would not have felt compelled to bottom a finding of bias that supported a constitutional requirement of recusal on the issue raised in the motion for appropriate relief in the

present case.[2]  Its denial of Petitioner's claim on appeal was neither contrary to, nor an unreasonable application of, Supreme Court precedent on bias and recusal.  Petitioner's third claim for relief should also be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motions for oral argument (docket no. 9), to proceed in forma pauperis (docket no. 10), and to appoint counsel (docket no. 11) are denied.

**IT IS RECOMMENDED** that Respondent's motion for summary judgment (docket no. 5) be granted, that the petition (docket no. 1) be denied, and that Judgment be entered dismissing this action.


    /s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

June 8, 2009

---

[2]Petitioner claims that his final sentence is evidence of bias because the judge at resentencing tried to recreate the aggravated sentence that was overturned on appeal.  However, this is far from correct.  As already explained, Petitioner's final sentence is far less than his original total sentence, less than the original aggravated sentence alone, and less than the total sentence he would have received had the judge at resentencing not reconsolidated the offenses and used the top of the presumptive range for the five consolidated offenses.  The reconsolidated sentences actually show an unexplained and unrequired reduction in prison time for Petitioner, not vindictiveness or bias against him.